FILED
FEBRUARY 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1006**

| | | |
|---|---|---|
| Dominic Basile, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Portfolio Recovery Associates, L.L.C, a | ) | |
| Delaware limited liability company, and | ) | |
| Blatt, Hasenmiller, Leibsker & Moore | ) | |
| LLC, an Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**JUDGE DARRAH**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

Plaintiff, Dominic Basile, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant Centurion transacts business here, and Defendant Blatt resides and transacts business here.

### PARTIES

3. Plaintiff, Dominic Basile ("Basile"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a

delinquent consumer debt allegedly owed originally to First USA Bank, but now allegedly owed to Portfolio Recovery Associates.

4.      Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company ("Portfolio"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant Portfolio was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Basile.

5.      Defendant Portfolio is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt, Hasenmiller, Leibsker & Moore LLC.  The debts Portfolio buys are often so old that they are beyond the statute of limitations, and Portfolio often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

6.      Defendant, Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt"), is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Basile.

## FACTUAL ALLEGATIONS

7.  At some point in the past, Mr. Basile allegedly opened an account with First USA Bank for a Visa credit card, which subsequently became delinquent. According to Defendants, Defendant Portfolio, at some point in time, purchased the debt.

8.  Defendants thereafter began attempting to collect the alleged debt from Mr. Basile. On June 23, 2006, Defendant Blatt sent Mr. Basile a collection letter demanding payment of the debt allegedly owed originally to First USA Bank. A copy of this letter is attached as Exhibit 1.

9.  Accordingly, on June 27, 2006, Mr. Basile wrote a letter to Defendant Blatt disputing the validity of the debt and demanding validation of it. A copy of this letter is attached as Exhibit 2.

10. On July 3, 2006, Defendant Blatt sent a letter purportedly verifying the debt, which only reiterated the amount of the debt and stated the name of the alleged original creditor and that the account had been charged off on November 30, 2001. A copy of this letter is attached as Exhibit 3.

11. On July 11, 2006, Mr. Basile sent Defendant Blatt another letter continuing his dispute of the debt and requesting that Defendant Blatt provide the name and address of the original creditor because he did not believe he had a Visa account according to the account information that was provided to him. A copy of this letter is attached as Exhibit 4.

12. Without providing any actual proof of the existence and validity of the debt, on July 18, 2007, Defendants filed a small claims lawsuit against Mr. Basile in a matter

styled: <u>Portfolio Recovery Associates, LLC v. Basile</u>, Case No. 2007-M1-171751 (Cook County, Illinois)(the "State Court Lawsuit").  The complaint in the State Court Lawsuit claimed that Portfolio was "authorized to do business in the State of Illinois" – even though Defendant Portfolio is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70.  A copy of the State Court Lawsuit is attached as Exhibit <u>5</u>.

      13.      The complaint in the State Court Lawsuit was based on an alleged contract originally entered into between First USA Bank and Mr. Basile, but asserted that Mr. Basile was liable to Portfolio based upon an "account stated" in the amount of $4,619.35.  Defendants failed to attach to the complaint in the State Court Lawsuit the alleged contract, failed to attach or allege in any detail any of the several assignments, and failed to attach any documents, or allege any facts, to support an account stated claim.

      14.      Mr. Basile was forced to hire counsel to defend him in the baseless State Court Lawsuit.  On November 8, 2007, Mr. Basile's counsel filed a motion to dismiss the State Court Lawsuit, which motion detailed all of the above-listed improprieties in the State Court Lawsuit.  A copy of the motion to dismiss is attached as Exhibit <u>6</u>.

      15.      Rather than provide proof of the existence of the debt (either that there was a written contract or an account stated), obtain authorization to conduct business in Illinois, or prove compliance with the statute of limitations, Defendants Portfolio and Blatt vigorously opposed the motion to dismiss with arguments having no basis in fact or law.  On January 3, 2008, the court in the State Court Lawsuit agreed that all of the defects set forth in Mr. Basile's motion to dismiss required dismissal of the complaint, but gave Portfolio leave to file an amended complaint on or before January 31, 2008, if

it could correct the defects noted in the motion to dismiss. A copy of the transcript of the hearing on the motion to dismiss the State Court Lawsuit is attached as Exhibit 7.

16. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debts as to which they have no documentary proof and cannot obtain it. Instead, Defendants rely upon obtaining default judgments against consumers, but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

17. In fact, after Mr. Basile's motion to dismiss the complaint in the State Court Lawsuit was granted, Defendants Portfolio and Blatt followed their usual practice and closed up shop – failing to file an amended complaint -- in the lawsuit they had wrongly filed against Mr. Basile.

18. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

22. Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

    A) falsely stating the amount of the debt;

    B) falsely stating that Defendant Portfolio was "authorized to do business in the State of Illinois";

    C) falsely claiming that an account stated existed;

    D) filing an account stated claim beyond the 5 year statute of limitations for such claims;

    E) filing a false affidavit in support of its claim in the State Court Lawsuit; and,

    F) falsely claiming that the statute of limitations that governed their complaint was a 10 year statute of limitations.

23. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

26. Defendants' collection actions which violated § 1692f of the FDCPA, include, but are not limited to:

6

      A)    filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor likely any ability, to ever obtain documentary proof to support their claims;

      B)    filing a lawsuit when Portfolio was not licensed or registered to do so in the State of Illinois;

      C)    asserting an inapplicable theory of recovery, because Defendants cannot prove the real cause of action, namely breach of a written contract;

      D)    failing to attach any proof of the assignments/chain of title to their small claims lawsuit;

      E)    utilizing a false, baseless affidavit in support of their small claim lawsuit; and,

      F)    attempting to collect a time-barred debt.

27.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dominic Basile, prays that this Court:

1.    Declare that Defendants' collection practices violate the FDCPA;

2.    Enter judgment in favor of Plaintiff Basile and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Dominic Basile, demands trial by jury.

                                        Dominic Basile,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: February 19, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

8