Atty.No. 37122

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION, FIFTH DISTRICT

Portfolio Recovery Associates, LLC, )
)
   Plaintiff, )
)
v. ) No. 2007 M1 171751
)
Dominic Basile, )
)
   Defendant. )

### DEFENDANT'S MOTION TO DISMISS

Defendant, Dominic Basile ("Basile"), hereby moves this Court, pursuant to 735 ILCS 5/2-615 and 735 ILCS 5/2-619, to dismiss the Complaint filed against him by Portfolio Recovery Associates, LLC ("Portfolio"). In support of this Motion, Defendant Basile states:

1. Plaintiff Portfolio filed a complaint against Defendant Basile on July 18, 2007, on an alleged account purportedly opened by Defendant Basile with "First USA Bank" for a Visa Card. Portfolio merely asserts that there is an account stated in the amount of $4,619.35, but has not attached <u>any</u> evidence of an alleged contract, nor of an account stated. Indeed, Plaintiff Portfolio has not even pled a clear basis for its Complaint, let alone a violation of any particular section of the Illinois Compiled Statutes. A copy of the Complaint is attached hereto as Exhibit <u>A</u>.

2. Plaintiff Portfolio is a debt scavenger that specializes in buying vast portfolios of delinquent consumer debts, for which it pays pennies on the dollar. The debts Portfolio buys are often so old that they are beyond the statute of limitations, and often, Portfolio has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt". Portfolio then tries to collect these

EXHIBIT 6

debts through other debt collectors and debt collection lawsuits. In fact, Plaintiff Portfolio has a policy, practice and procedure of filing lawsuits on scavenged debt as to which it has no documentary proof and cannot obtain same. Instead, Plaintiff relies upon obtaining default judgments against consumers.

3. In response to Mr. Basile's timely dispute of the alleged debt, prior to the onset of this lawsuit, Plaintiff's attorneys, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), sent Mr. Basile a form collection letter, dated July 3, 2006 claiming that Mr. Basile's account was charged off on November 30, 2001. A copy of Blatt's July 3, 2006 letter is attached as Exhibit B. As set forth below, Plaintiff's "account stated" claim must be dismissed, as it was filed beyond the five year statute of limitations that governs a claim for an "Account Stated" in Illinois.

4. Moreover, Plaintiff Portfolio asserts that Defendant Basile originally opened a charge account with First USA Bank, which account was then purchased by Plaintiff Portfolio, a Delaware limited liability company; Portfolio identifies itself as a purported "successor in interest", but does not identify from what entity it purchased the alleged debt. Plaintiff Portfolio has likewise failed to attach to its Complaint, <u>any</u> evidence of the chain of title from First USA Bank to Plaintiff Portfolio, and has merely attached an "Affidavit of Indebtedness" signed by an employee of Plaintiff Portfolio, (see Exhibit A at Exhibit 1 thereto), but with no written proof of any assignments. Accordingly, Plaintiff's purported account stated claim against Defendant Basile should be dismissed.

5. Furthermore, Plaintiff Portfolio, a Delaware limited liability company, is not registered to conduct business in the State of Illinois, in violation of Illinois law, and thus has no right to utilize this Court to collect its alleged debts. See, Results from Illinois

2

Secretary of State search for "Portfolio" attached hereto as Exhibit C; and Complaint hereto at Exhibit A. Thus, Plaintiff's Complaint should be dismissed.

## DISMISSAL PURSUANT TO 735 ILCS 5/2-619

6. A motion to dismiss under 735 ILCS 5/2-619 attacks the legal sufficiency of a complaint based upon certain defects or defenses. Specifically, 735 ILCS 5/2-619(a)(9) provides for involuntary dismissal of a complaint if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim."

7. First, Plaintiff's purported "account stated" claim is barred by the statute of limitations. An account stated is a new, stand-alone cause of action between the parties to an antecedent financial liability. *Motive Parts Co. of America v. Robinson*, 53 Ill.App.3d 935, 940 (1st Dist. 1977) ("an account stated raises a new cause of action between the parties"); *Chicago & Eastern Illinois Railroad v. Martin Bros. Container & Timber Products Corp.*, 97 Ill.App.3d 327, 330 (1st Dist. 1980) (same); *HPI Health Care Services, Inc. v. Hyde Park Hospital, Inc.*, 1989 WL 157768 at [*3] (N.D.Ill. 1989) (same); *Toth v. Mansell*, 207 Ill.App.3d 665, 671 (1st Dist. 1990), *cert. denied* 139 Ill.2d 605 (1991) (same); *Pure Torpedo Corp. v. Nation*, 327 Ill.App. 28, 34 (4th Dist. 1945) (same); *Dick v. Zimmerman*, 207 Ill. 636, 639 (1904) (same); *Sexton v. Brach*, 124 Ill.App.3d 202, 205 (3rd Dist. 1984) ("an account stated is in the nature of a new undertaking"). It is predicated on the promise to pay the balance the parties agree is accurate and owed; it is not based upon the original instrument that created the liability. *Motive Parts Co. of America*, 53 Ill.App.3d at 941; *Toth v. Mansell*, 207 Ill.App.3d at 671; *Chicago & Eastern Illinois Railroad*, 97 Ill.App.3d at 330; *Pure Torpedo Corp.*, 327

3

Ill.App. at 34; *Dick*, 207 Ill. at 639; *Dreyer Medical Clinic, S.C. v. Corral*, 227 Ill.App.3d 221, 226 (2nd Dist. 1992).

8.    Long-standing Illinois Supreme Court precedent holds that the original form of the debt is unimportant. *Dick*, 207 Ill. at 639; *Motive Parts Co. of America*, 53 Ill.App.3d at 941; *Pure Torpedo Corp.*, 327 Ill.App. at 34.  Defenses to an action on an account stated must relate directly to the account stated and not to matters of antecedent liability. *Motive Parts Co. of America*, 53 Ill.App.3d at 940; *Chicago & Eastern Illinois Railroad*, 97 Ill.App.3d at 330; *HPI Health Care Services, Inc.*, 1989 WL 157768 at *3.  An account stated claim is frequently brought as a separate claim in an action that also brings a breach of contract claim. *Toth*, 207 Ill.App.3d at 669, 671; *Dreyer Medical Clinic*, 227 Ill.App.3d at 223; *Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.*, 218 F.Supp. 974, 975 (N.D.Ill. 2002); *Enduracare Therapy Management, Inc. v. Cornerstone Healthcare of Illinois, Inc.*, 2006 WL 1452824 at [*2] (S.D.Ill. 2006); *Shintom America, Inc. v. Car Telephones, Inc.*, 1994 WL 11663 at [*2] (N.D.Ill. 1994).

9.    Plaintiff Portfolio has not pled a claim for breach of contract, nor attached any evidence of an alleged contract to the Complaint, but rather has simply pled a claim for account stated.  The statute of limitations applied in Illinois to account stated claims is five years, regardless of the alleged facts that give rise to the account stated. *Toth*, 207 Ill.App.3d at 673 ("an action not otherwise provided for in the Code of Civil Procedure is governed by a five year statute of limitations"); *Sexton*, 124 Ill.App.3d at 205; 735 ILCS 5/13-205.  Assuming an "account stated" exists, and the account was, in fact, charged-off on November 30, 2001, Plaintiff would have had to file suit on the alleged account on or before November 30, 2006; Plaintiff Portfolio, however, did not file

4

suit until July 18, 2007, long after the relevant statute of limitations had run. Thus, Plaintiff's Complaint based on account stated is barred by the statute of limitations.

10. Additionally, Plaintiff's Complaint is defective on its face because Plaintiff has failed to plead adequately that it is, in fact, a *bona fide* owner of the account at issue, allegedly owed originally by Defendant to First USA Bank, nor has it provided any evidence of the chain of title between First USA Bank and itself, nor that any successors in interest were, in fact, *bona fide* owners of the account with authority to sell/assign the account. Thus, Plaintiff's Complaint should be dismissed.

11. Finally, this Court should take judicial notice of the fact that the Illinois Secretary of State's records do not show that Plaintiff, a Delaware limited liability company, is licensed to conduct business in the State of Illinois and accordingly, pursuant to 805 ILCS 5/13.70, it is not "permitted to maintain a civil action in any court of this State." Attached as Exhibit C are the search results from the Illinois Secretary of State's web site.

12. Accordingly, pursuant to 735 ILCS 5/2-619, Defendant Basile seeks dismissal, with prejudice, of this lawsuit.

### DISMISSAL PURSUANT TO 735 ILCS 5/2-615

13. A. motion to dismiss under 735 ILCS 5/2-615 attacks the legal sufficiency of a complaint by alleging defects on the face of the complaint. See, Vitro v. Mihelcic, 209 Ill.2d 76, 81 (2004). Plaintiff's Complaint is defective on its face because it fails to comply with § 2-403 of the Illinois Code of Civil Procedure, which provides in pertinent part:

> § 2-403. Who may be plaintiff -- Assignments -- Subrogation.
> (a) The assignee and owner of a non-negotiable chose in action may sue thereon in his or her own name. Such person shall in his or her pleading on oath allege that he or she is actual bona fide owner thereof, and set forth how and

5

when he or she acquired title. The action is subject to any defense or set-off existing before notice of the assignment.

735 ILCS 5/2-403.

14. Where the allegations in the Complaint fail to comply with the pleading requirements of § 2-403, the Court should dismiss the Complaint with prejudice.

15. Plaintiff Portfolio claims to be the assignee of the alleged First USA Bank account, and attached an Affidavit of Indebtedness signed by an employee of Plaintiff, in support of its claim. (See, Ex. 1 to Ex. A). This does not satisfy a plaintiff's pleading obligations under § 2-403. First, Plaintiff's claim – that it is the assignee of the First USA Bank contract – is insufficient because the Affidavit does not establish that Plaintiff Portfolio, in fact, owns the alleged account, nor how Portfolio came to own the alleged account. See, Ex. 1 to Ex. A.

16. Second, the Complaint's allegation – that it is the successor in interest of said account from First USA Bank – is unverified, and nothing has been attached to the Complaint to support that allegation. Therefore, for purposes of this motion, the Court must disregard the allegation in the Complaint that Plaintiff is operating as a successor in interest of First USA.

17. Third, the "Affidavit of Indebtedness" does not satisfy the pleading requirements of § 2-403 because it does not set forth how and when Plaintiff Portfolio acquired title, nor does it contain any allegations that, if true, would support the contentions that Plaintiff ever purchased the alleged account from a party with authority to assign the account to Plaintiff. Moreover, Plaintiff's affiant has merely asserted that there is a balance due on the alleged account "based on information and belief," which renders the Affidavit worthless, since the facts asserted therein have admittedly not been verified. See, Ex. 1 to Ex. A.

6

18.     Without sufficiently pleading its allegations, as provided by § 2-403 of the Illinois Code of Civil Procedure, Plaintiff Portfolio does not have standing to sue Defendant. To have standing, a plaintiff must show that it has sustained, or is in imminent danger of sustaining, an injury through the alleged actions of the defendant. See, Village or Arlington heights v. Metropolitan Development Housing Corp., 429 U.S. 252, 260 (1977); Puritt v. Allstate Ins. Co., 284 Ill. App. 3d 442, 446 (1st Dist. 1996). Without standing, Plaintiff cannot maintain this lawsuit against Defendant.

19.     Accordingly, pursuant to 735 ILCS 5/2-615, Defendant Basile seeks dismissal, with prejudice, of this lawsuit, and requests that the Court award Defendant his costs.

WHEREFORE, Defendant, Dominic Basile, seeks dismissal of this lawsuit with prejudice, and requests that the Court award Defendant Basile his costs.

Respectfully submitted,

By: _____
One of Defendant's Attorneys

Dated: November 6, 2007

David J. Philipps  (Ill. Bar No. 06196285)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
Cook County Firm No. 37122

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT, COOK COUNTY

PORTFOLIO RECOVERY ASSOCIATES LLC
Plaintiff

vs.

DOMINIC BASILE

Defendant(s)

No: **07M1-171751**

Amount Claimed: $4619.35 + costs

Return Date: **AUG 3 0 2007**

## COMPLAINT

The Plaintiff, PORTFOLIO RECOVERY ASSOCIATES LLC, claims as follows:

1. Plaintiff, PORTFOLIO RECOVERY ASSOCIATES LLC, is a limited liability company and the Defendant(s), DOMINIC BASILE, is a resident of COOK County, Illinois.

2. The Defendant(s), DOMINIC BASILE, opened a(n) VISA CARD account with FIRST USA BANK, account number ▆▆▆▆▆▆.

3. The Defendant(s), DOMINIC BASILE, did make purchases and charged same to the account, but the Defendant failed to make the monthly payments called for on the account. There is an account stated in the amount of $4619.35. See clients affidavit attached here to as Plaintiff's Exhibit No. 1.

4. Plaintiff, PORTFOLIO RECOVERY ASSOCIATES LLC, is the successor in interest of said account from FIRST USA BANK having purchased said account in the regular course of business in good faith and for value.

5. The Defendant(s), DOMINIC BASILE, is in default on the account and Plaintiff, PORTFOLIO RECOVERY ASSOCIATES LLC, demands payment of this balance.

**WHEREFORE**, the Plaintiff, PORTFOLIO RECOVERY ASSOCIATES LLC, prays for judgment against the Defendant(s), DOMINIC BASILE, in the amount of $4619.35 plus costs.

_____
ATTORNEY FOR PLAINTIFF

Blatt, Hasenmiller, Leibsker & Moore, LLC
Attorney for Plaintiff
125 S. Wacker Dr., Suite 400
Chicago, Illinois 60606-4440
(866)269-9858
Ref# ▆▆▆▆▆   PLTCOMPI


EXHIBIT A

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

STATE OF VA
CITY OF NORFOLK

### AFFIDAVIT OF INDEBTEDNESS

The undersigned, being duly sworn, deposes and states that he/she is
an employee/agent of: PORTFOLIO RECOVERY ASSOCIATES LLC
and has knowledge of the account balance, and is duly authorized to make
this affidavit.

Affiant states that the amounts shown below are taken/calculated from
the original books and records of the above named plaintiff, and based
on information and belief, affiant states that the amount due to
PORTFOLIO RECOVERY ASSOCIATES LLC
by DOMINIC BASILE
on account(s): ▬▬▬▬▬▬▬

for purchases by or services rendered to the above named defendant(s) or
member(s) of his/her family is as follows:

| | | |
|---|---|---|
| Balance: | $ | 4619.35 |
| Plus Interest: | $ | 0.00 |
| Less Payments: | $ | 0.00 |
| Balance Due: | $ | 4619.35 |

Affiant states that the amount shown above is true and correct and that
there are no setoffs or counterclaims available to defendant(s).
Further affiant sayeth not.

*Elaine F. Farr*
Affiant

_____LEGAL SPECIALIST_____
Title

Subscribed and Sworn to Before me
12th day of July, 2006

Notary Public

My Commission Expires: _____

Reference #: ▬▬▬
Account #: ▬▬▬▬▬

ANGELA COYLE
Notary Public
Commonwealth of Virginia
My Commission Expires May 31, 2009

Ex #1

AFFPORT(05/02)EEO

PORTFOLIO RECOVERY ASSOC. LLC

Law Offices
# Blatt, Hasenmiller, Leibsker & Moore LLC
125 South Wacker Dr. • Suite 400 • Chicago, Illinois 60606-4440
Phone 312/704-9440 • Outside Illinois 800/357-9609
Fax 312/704-9430

Ira F. Leibsker •
Leon W. Moore •
Kenneth R. Wake •+o

Frank A. Janello •
Traci B. Gomien o
David M. Greenbaum •
Mariaina C. Sirunk •
Gregory R. Dye •□
Brian D. Maynard •
Kliment P. Mitreski •o
Mark J. Johnson •
Jacquelyn T. Vengal •
Jennifer M. Brown ▲
Jason M. Shulman •
Laura A. Willett •

Licensed in:
IL •, IN o,
MI +, OH □,
AZ ▲

DOMINIC BASILE
                              IL                                    07-03-06

Reference #:
Account #:
Creditor: PORTFOLIO RECOVERY ASSOCIATES LLC
Debtor: DOMINIC BASILE

Pursuant to your request for verification information we are hereby replying with the following verification of debt:

Original Creditor Information:
  FIRST USA BANK
  PORTFOLIO RECOVERY ASSOCIATES LLC

Date of Last Purchase or Service:
Merchant Name (if different than original creditor):

Date of Last Payment:
Balance Due:    4619.35

Additional Information:
Per your request, the above debt is for your First USA Bank card which was opened on 08/01/00 and charged off on 11/30/01. Please contact our office if you wish to setup a payment agreement or settle the above amount due.

Please review carefully and advise us without delay if you dispute this debt or have any further questions. It is our intention to resume with collection activity if we do not hear from you within the next 10 days with either a proposal for voluntary payment or detailed information regarding any possible dispute.

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Thank You,

Blatt, Hasenmiller, Leibsker & Moore LLC
BLV4A(11/01)LG

Illinois                              Indiana                              Michigan

EXHIBIT B



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORP/LLC - CERTIFICATE OF GOOD STANDING

Your search for Portfolio Recovery Associates, did not match any records in the Corporation/LLC-GS Search database.

**Please try again.**

Return to Search

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT
C

## CERTIFICATE OF SERVICE

I, Mary E. Philipps, an attorney, certify that I sent a copy of the attached **Defendant's Motion To Dismiss** to the individuals listed on the service list below *via* facsimile and U.S. First Class Mail, postage prepaid, on November 8, 2007, before 5:00 p.m.

Mary E. Philipps

## SERVICE LIST

Ira F. Liebsker
Blatt, Hasenmiller, Liebsker & Moore, LLC
125 S. Wacker Drive
Suite 400
Chicago, Illinois 60606
312-704-9430 (FAX)

```
Transaction Report
Send
Transaction(s) completed
No. TX Date/Time   Destination                      Duration P.#    Result   Mode
637 NOV-08  17:24  312 704 9430                     0'01'51" 015    OK       N  ECM
```

# PHILIPPS & PHILIPPS, LTD.

9760 South Roberts Road
Suite One
Palos Hills, IL 60465
(708) 974-2900
(708) 974-2907 Facsimile

## FACSIMILE COVER SHEET

TO: Ira F. Liebsker
Blatt, Hasenmiller, Liebsker & Moore, LLC
FAX NO: 312-704-9430
FROM: David J. Philipps
DATE: November 8, 2007

(inc. cover sheet): 15

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL AS SOON AS POSSIBLE FOR RETRANSMISSION

♦♦♦

Re: *Portfolio Recovery Associates, LLC v. Dominic Basile,*
No. 2007 M1 171751

COMMENTS: