IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIC BASILE,  )<br>  )<br>　　　　　Plaintiff,  )<br>  )<br>　-vs-　　　　　　　　　　　)<br>  )<br>PORTFOLIO RECOVERY  )<br>ASSOCIATES, L.L.C., a Delaware  )<br>Limited liability company, and BLATT,  )<br>HASENMILLER, LEIBSKER &  )<br>MOORE, L.L.C., an Illinois limited  )<br>Liability company.  )<br>  )<br>　　　　　Defendants.  ) | Case No. 08 1006 |

## PORTFOLIO RECOVERY ASSOCIATES, LLC'S ANSWER TO COMPLAINT

NOW COMES the Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., ("PRA") by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1.　This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C.§ 1331.

**ANSWER: Defendant PRA admits the allegations in ¶ 1 for jurisdictional purposes only. To the extent alleged, PRA denies that any wrongful conduct or violations of the FDCPA occurred.**

2.　Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant Centurion (*sic*) transacts business here, and Defendant Blatt resides and transacts business here.

**ANSWER: Defendant PRA admits the allegations for purposes of venue only, but denies any violation or liability to the extent alleged in ¶ 2.**

3.　　Plaintiff, Dominic Basile ("Basile"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to First USA Bank, but now allegedly owed to Portfolio Recovery Associates.

**ANSWER: Defendant PRA admits it attempted to collect a debt originally owed by plaintiff to First USA Bank. PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the remaining allegations in ¶ 3, which has the effect of a denial.**

4.　　Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company ("Portfolio"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Portfolio was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Basile.

**ANSWER: Defendant PRA admits that it is a Delaware limited liability company that does business in the Northern District of Illinois and that, at those times when PRA acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be subject to the provisions of the**

**FDCPA. Except as specifically admitted herein, the allegations of ¶ 4 are denied.**

5. Defendant Portfolio is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC. The debts Portfolio buys are often so old that they are beyond the statute of limitations, and Portfolio often has no documentary proof to support the validity of the debt – a type of debt the media has recently termed "Zombie Debt".

**ANSWER: Defendant PRA denies the allegations in ¶ 5.**

6. Defendant, Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt"), is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Basile.

**ANSWER: Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 6, which has the effect of a denial.**

7. At some point in the past, Mr. Basile allegedly opened an account with First USA Bank for a Visa credit card, which subsequently became delinquent. According to Defendants, Defendant Portfolio, at some point in time, purchased the debt.

**ANSWER: Defendant PRA admits that it purchased the Visa credit card debt originally owed by Plaintiff to First USA Bank. PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the remaining allegations in ¶ 7, which as the effect of a denial.**

8. Defendants thereafter began attempting to collect the alleged debt from Mr. Basile. On June 23, 2006, Defendant Blatt sent Mr. Basile a collection letter demanding payment of the debt allegedly owed originally to First USA Bank. A copy of this letter is attached as Exhibit 1.

**ANSWER: Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 8, which has the effect of a denial.**

9. Accordingly, on June 27, 2006, Mr. Basile wrote a letter to Defendant Blatt disputing the validity of the debt and demanding validation of it. A copy of this letter is attached hereto as Exhibit 2.

**ANSWER: Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 9, which has the effect of a denial.**

10. On July 23, 2006, Defendant Blatt sent a letter purportedly verifying the debt, which only reiterated the amount of the debt and stated the name of the alleged original creditor and that the account had been charged off on November 30, 2001. A copy of this letter is attached as Exhibit 3.

**ANSWER: Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 10, which has the effect of a denial.**

11. On July 11, 2006, Mr. Basile sent Defendant Blatt another letter continuing his dispute of the debt and requesting that Defendant Blatt provide the name and address of the original creditor because he did not believe he had a Visa account according to the account information that was provided to him. A copy of this letter is attached as Exhibit 4.

**ANSWER: Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 11, which has the effect of a denial.**

12. Without providing any actual proof of the existence and validity of the debt, on July 18, 2007, Defendants filed a small claims lawsuit against Mr. Basile in a matter styled: Portfolio Recovery Associates, LLC v. Basile, Case No. 2007-M1-171751 (Cook County, Illinois) (the "State Court Lawsuit"). The complaint in the State Court Lawsuit claimed that Portfolio was "authorized to do business in the State of Illinois" – even though Defendant Portfolio is not licensed

to conduct business in Illinois, as required by 805 ILCS 5/13.70. A copy of the State Court Lawsuit is attached as Exhibit 5.

**ANSWER: Upon information and belief, Defendant PRA admits that a small claims lawsuit was filed against Mr. Basile in Case No. 2007-M1-171751 entitled <u>Portfolio Recovery Associates, LLC v. Basile</u>. Except as specifically admitted herein, PRA denies the remaining allegations of § 12.**

13. The complaint in the State Court Lawsuit was based on an alleged contract originally entered into between First USA Bank and Mr. Basile, but asserted that Mr. Basile was liable to Portfolio based upon an "account stated" in the amount of $4,619.35. Defendants failed to attach to the complaint in the State Court Lawsuit the alleged contract, failed to attach or allege in any detail any of the several assignments, and failed to attach any documents, or allege any facts, to support an account stated claim.

**ANSWER: Defendant PRA admits that the State Court Lawsuit was based on a Visa card account between Plaintiff and First USA Bank and that the amount claimed on the account stated was $4,619.35. Except as specifically admitted herein, PRA denies the remaining allegations of § 13.**

14. Mr. Basile was forced to hire counsel to defend him in the baseless State Court Lawsuit. On November 8, 2007, Mr. Basile's counsel filed a motion to dismiss the State Court Lawsuit, which motion detailed all of the above-listed improprieties in the State Court Lawsuit. A copy of the motion to dismiss is attached as Exhibit 6.

**ANSWER: Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 14, which has the effect of a denial.**

15. Rather than provide proof of existence of the debt (either that there was a written contract or an account stated), obtain authorization to conduct business in Illinois, or prove compliance with the statute of limitations, Defendants Portfolio and Blatt vigorously opposed the motion to dismiss with arguments having no basis in fact or law. On January 3, 2008, the court in the State Court Lawsuit agreed that all of the defects set forth in Mr. Basile's motion to dismiss required dismissal of the complaint, but gave Portfolio leave to file an amended complaint on or before January 31, 2008, if it could correct the defects noted in the motion to dismiss. A copy of the transcript of the hearing on the motion to dismiss the State Court Lawsuit is attached as Exhibit 7.

**ANSWER: Upon information and belief, Defendant PRA admits that at the hearing on the motion to dismiss on January 3, 2008, counsel for PRA was given 28 days within which time to file an Amended Complaint in the State Court Lawsuit. Except as specifically admitted herein, PRA denies the remaining allegations of ¶ 15.**

16. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debts as to which they have no documentary proof and cannot obtain it. Instead, Defendants rely upon obtaining default judgments against consumers,

Case 1:08-cv-01006   Document 19   Filed 03/31/2008   Page 8 of 14

but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

**ANSWER**: **Defendant PRA denies the allegations in ¶ 16.**

17. In fact, after Mr. Basile's motion to dismiss the complaint in the State Court Lawsuit was granted, Defendants Portfolio and Blatt followed their usual practice and closed up shop – failing to file an amended complaint – in the lawsuit that they had wrongfully filed against Mr. Basile.

**ANSWER**: **Upon information and belief, Defendant PRA admits only that an Amended Complaint was not filed in the State Court Lawsuit against Mr. Basile during the time period in which PRA had been granted leave to file the Amended Complaint. Except as specifically admitted herein, PRA denies the remaining allegations in ¶ 17.**

18. All of Defendants collection actions occurred within one year of the date of this Complaint.

**ANSWER**: **Defendant PRA lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 18, which has the effect of a denial.**

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER**: **Defendant PRA admits the existence of the cited case and the judicial "unsophisticated consumer" standard as alleged in ¶ 19, but**

- 8 -

denies such a standard is applicable to the conduct alleged in this action and respectfully refers such legal conclusions to the court.

### COUNT I – Violation of § 1692e

20. Plaintiff adopts and realleges ¶¶ 1-19.

**ANSWER: Defendant PRA reasserts and re-avers its answers to ¶¶ 1-19 as if set forth fully herein.**

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

**ANSWER: Defendant PRA admits only that the FDCPA generally prohibits the conduct alleged, but denies that it engaged in any wrongful conduct or committed any violations of the statute. Except as specifically admitted herein, the allegations of ¶ 21 are denied.**

22. Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

 A) falsely stating the amount of debt;

 B) falsely stating that Defendant Portfolio was "authorized to do business in the State of Illinois";

 C) falsely claiming that an account stated existed;

 D) filing an account stated claim beyond the 5 year statute of limitations for such claims;

 E) filing a false affidavit in support of its claim in the State Court Lawsuit; and,

  F)  falsely claiming that the statute of limitations that governed their complaint was a 10 year statute of limitations.

**ANSWER: Defendant PRA denies each any every allegation of ¶ 22, including subparts A through F.**

23. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**ANSWER: Defendant PRA denies the allegations of ¶ 23.**

### <u>COUNT II – Violation of § 1692f</u>

24. Plaintiff adopts and realleges ¶¶ 1-19.

**ANSWER: Defendant PRA reasserts and re-avers its answers to ¶¶ 1-19 as if set forth fully herein.**

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. <u>See</u>, 15 U.S.C. § 1692f.

**ANSWER: Defendant PRA admits only that the FDCPA generally prohibits the conduct alleged, but denies that it engaged in any wrongful conduct or committed any violations of the statute. Except as specifically admitted herein, the allegations of ¶ 25 are denied.**

26. Defendants' collection action which violated § 1692f of the FDCPA, include, but are not limited to:

A) filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor likely any ability, to ever obtain documentary proof to support their claims;

B) filing a lawsuit when Portfolio was not licensed or registered to do so in the State of Illinois;

C) asserting an inapplicable theory of recovery, because Defendants cannot prove the real cause of action, namely breach of a written contract;

D) failing to attach any proof of the assignment/ chain of title to their small claim lawsuit;

E) utilizing a false, baseless affidavit in support of their small claim lawsuit; and

F) attempting to collect a time-barred debt.

**ANSWER: Defendant PRA denies each any every allegation of ¶ 26, including subparts A through F.**

27. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER: Defendant PRA denies the allegations of ¶ 27.**

AND NOW, in further Answer to the Complaint, Defendant PRA avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts in the Complaint fail to state a claim against Defendant PRA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, and in the event that Defendant PRA is found to be a debt collector as defined by FDCPA, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming that any violation of the FDCPA may have occurred, those putative violations and any resulting harm, were legally and proximately caused by persons, individuals, corporations or entities beyond the control or supervision of PRA, or for whom PRA is not responsible or liable.

WHEREFORE, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to federal and state law, that Plaintiff be ordered to pay reasonable attorney's fees and costs for PRA, and for all other general and equitable relief.

Respectfully submitted,

/s/ *James K. Schultz*
James K. Schultz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL 60091
Telephone: (847) 853-6100
Facsimile: (847) 853-6105
E-Mail: jschultz@sessions-law.biz

**Of Counsel:**

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail: disrael@sessions-law.biz

Attorneys for Defendant Portfolio Recovery Associates LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIC BASILE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 08 1006 |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, L.L.C., a Delaware ) | |
| Limited liability company, and BLATT, ) | |
| HASENMILLER, LEIBSKER & ) | |
| MOORE, L.L.C., an Illinois limited ) | |
| Liability company. ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2008, a copy of the foregoing **PORTFOLIO RECOVERY ASSOCIATES, L.L.C.'S ANSWER TO COMPLAINT** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David J. Phillips
PHILLIPS & PHILLIPS, LTD.
9760 South Roberts Road
 Suite One
Palos Hills, Illinois  60465


/s/ James K. Schultz
Attorney for Defendant PRA