IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC BASILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1006 |
| | ) | |
| PORTFOLIO RECOVERY | ) | Judge Darrah |
| ASSOCIATES, L.L.C., a Delaware limited | ) | Magistrate Judge Keys |
| liability company, and BLATT, | ) | |
| HASENMILLER, LEIBSKER & MOORE, | ) | |
| LLC, an Illinois limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BLATT, HASENMILLER, LEIBSKER &
MOORE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:** BHLM admits the allegations contained in paragraph 1.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant Centurion [sic] transacts business here, and Defendant Blatt resides and transacts business here.

**ANSWER:** BHLM admits that venue is proper in this district, and that it resides and transacts business here. BHLM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

**PARTIES**

3. Plaintiff, Dominic Basile ("Basile"), is a citizen of the State of Illinois, residing in

1

the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to First USA Bank, but now allegedly owed to Portfolio Recovery Associates.

**ANSWER:** BHLM admits that it was retained by Portfolio Recovery Associates ("PRA") to pursue collection on a debt that plaintiff originally incurred to First USA Bank and which is now owed to PRA. BHLM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.

4. Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company ("Portfolio"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Portfolio was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Basile.

**ANSWER:** BHLM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Defendant Portfolio is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC. The debts Portfolio buys are often so old that they are beyond the statute of limitations, and Portfolio often has no documentary proof to support the validity of the debt – a type of debt the media has recently termed "Zombie Debt".

**ANSWER:** BHLM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Basile.

**ANSWER:** BHLM admits generally that it is a "debt collector" within the meaning of the FDCPA, but without knowledge or information sufficient to form a belief as to the truth of the allegation that the debt at issue here is a "consumer debt" within the meaning of the FDCPA.

2

## FACTUAL ALLEGATIONS

7.      At some point in the past, Mr. Basile allegedly opened an account with First USA Bank for a Visa credit card, which subsequently became delinquent. According to Defendants, Defendant Portfolio, at some point in time, purchased the debt.

**ANSWER:**      BHLM admits that it was retained by PRA to pursue collection on a debt that plaintiff originally incurred to First USA Bank and which is now owed to PRA. BHLM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.      Defendants thereafter began attempting to collect the alleged debt from Mr. Basile. On June 23, 2006, Defendant Blatt sent Mr. Basile a collection letter demanding payment of the debt allegedly owed originally to First USA Bank. A copy of this letter is attached as Exhibit 1.

**ANSWER:**      BHLM admits that it was retained by PRA to pursue collection on a debt that plaintiff originally incurred to First USA Bank and which is now owed to PRA. BHLM further admits that it sent plaintiff a letter dated June 23, 2006 seeking payment of said debt, and that a copy of said letter is attached to the complaint as Exhibit 1. BHLM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.      Accordingly, on June 27, 2006, Mr. Basile wrote a letter to Defendant Blatt disputing the validity of the debt and demanding validation of it. A copy of this letter is attached as Exhibit 2.

**ANSWER:**      BHLM admits that it received a dispute letter from plaintiff dated June 27, 2006 and that a copy of said letter, which speaks for itself, is attached to the complaint as Exhibit 2. BHLM denies the remaining allegations contained in paragraph 9.

10.      On July 3, 2006, Defendant Blatt sent a letter purportedly verifying the debt, which only reiterated the amount of the debt and stated the name of the alleged original creditor and that the account had been charged off on November 30, 2001. A copy of this letter is attached as Exhibit 3.

**ANSWER:**      BHLM admits that it sent plaintiff a letter dated July 3, 2006 in response to his

June 27, 2006 dispute letter and that a copy of said letter, which speaks for itself, is attached to plaintiff's complaint as Exhibit 3. BHLM denies the remaining allegations contained in paragraph 10.

11. On July 11, 2006, Mr. Basile sent Defendant Blatt another letter continuing his dispute of the debt and requesting that Defendant Blatt provide the name and address of the original creditor because he did not believe he had a Visa account according to the account information that was provided to him. A copy of this letter is attached as Exhibit 4.

**ANSWER:** BHLM admits that it received another dispute letter from plaintiff dated July 11, 2006 and that a copy of said letter, which speaks for itself, is attached to the complaint as Exhibit 4. BHLM further affirmatively states that it sent plaintiff a letter dated April 28, 2007 in response to his July 11, 2006 dispute letter. BHLM denies the remaining allegations contained in paragraph 11.

12. Without providing any actual proof of existence and validity of the debt, on July 18, 2007, Defendants filed a small claims lawsuit against Mr. Basile in a matter styled: Portfolio Recovery Associates, LLC v. Basile, Case No. 2007-M1-171751 (Cook County, Illinois)(the "State Court Lawsuit"). The complaint in the State Court Lawsuit claimed that Portfolio was "authorized to do business in the State of Illinois" – even though Defendant Portfolio is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70. A copy of the State Court Lawsuit is attached as Exhibit 5.

**ANSWER:** BHLM admits that on July 18, 2007, it filed, on behalf of PRA, a small claims lawsuit against plaintiff captioned Portfolio Recovery Associates, LLC v. Basile, Case No. 2007-M1-171751 (Cook County); that a copy of said complaint is attached to plaintiff's complaint as Exhibit 5; and that said complaint speaks for itself. BHLM denies the remaining allegations contained in paragraph 12.

13. The complaint in the State Court Lawsuit was based on an alleged contract originally entered into between First USA Bank and Mr. Basile, but asserted that Mr. Basile was liable to Portfolio based upon an "account stated" in the amount of $4,619.35. Defendants failed to attach the complaint in the State Court Lawsuit the alleged contract, failed to attach or allege in any detail any of the several assignments, and failed to attach any documents, or allege any facts, to support an account stated claim.

**ANSWER:** BHLM states that the state court complaint speaks for itself and denies the

4

remaining allegations contained in paragraph 13.

14. Mr. Basile was forced to hire counsel to defend him in the baseless State Court Lawsuit. On November 8, 2007, Mr. Basile's counsel filed a motion to dismiss the State Court Lawsuit, which motion detailed all of the above-listed improprieties in the State Court Lawsuit. A copy of the motion to dismiss is attached as Exhibit 6.

**ANSWER:** BHLM admits that on or about November 8, 2007, plaintiff filed a motion to dismiss the state court complaint; that a copy of said motion is attached to plaintiff's complaint as Exhibit 6; and that said motion speaks for itself. BHLM denies the remaining allegations contained in paragraph 14.

15. Rather than provide proof of the existence of the debt (either that there was a written contract or an account stated), obtain authorization to conduct business in Illinois, or prove compliance with the statute of limitations, Defendant Portfolio and Blatt vigorously opposed the motion to dismiss with arguments having no basis in fact or law. On January 3, 2008, the court in the State Court Lawsuit agreed that all of the defects set forth in Mr. Basile's motion to dismiss required dismissal of the complaint, but gave Portfolio leave to file an amended complaint on or before January 31, 2008, if it could correct the defects noted in the motion to dismiss. A copy of the transcript of the hearing on the motion to dismiss the State Court Lawsuit is attached as Exhibit 7.

**ANSWER:** BHLM admits that it opposed plaintiff's motion to dismiss the state court complaint; that on January 3, 2008 the state court granted the motion to dismiss but gave PRA leave to file an amended complaint within 28 days; and that a copy of the January 3, 2008 hearing transcript is attached to plaintiff's complaint as Exhibit 7. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendants have a policy, practice and procedure of filing lawsuits on scavenged debts as to which they have no documentary proof and cannot obtain it. Instead, Defendants rely upon obtaining default judgments against consumers, but close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

**ANSWER:** BHLM denies the allegations contained in paragraph 16.

17. In fact, after Mr. Basile's motion to dismiss the complaint in the State Court Lawsuit was granted, Defendants Portfolio and Blatt followed their usual practice and closed up shop – failing to file an amended complaint – in the lawsuit they had wrongly filed against Mr. Basile.

5

**ANSWER:** BHLM admits that PRA chose not to file an amended complaint in the state court case. BHLM denies the remaining allegations contained in paragraph 17.

18. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

**ANSWER:** BHLM denies the allegations contained in paragraph 18.

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** BHLM admits that the *Gammon* case speaks for itself, and denies the remaining allegations contained in paragraph 19.

**COUNT I**
**Violation of § 1692e Of The FDCPA –**
**False Statements**

20. Plaintiff adopts and realleges ¶¶ 1-19.

**ANSWER:** BHLM adopts and incorporates herein its responses to paragraphs 1-19.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

**ANSWER:** BHLM states that the Section 1692e of the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 21.

22. Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

    A) falsely stating the amount of the debt;

    B) falsely stating that Defendant Portfolio was "authorized to do business in the State of Illinois";

    C) falsely claiming that an account stated existed;

    D) filing an account stated claim beyond the 5 year statute of limitations for such claims;

6

  E) filing a false affidavit in support of its claim in the State Court Lawsuit; and,

  F) falsely claiming that the statute of limitations that governed their complaint was a 10 year statute of limitations.

**ANSWER:** BHLM denies the allegations contained in paragraph 22.

 23. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

**ANSWER:** BHLM denies the allegations contained in paragraph 23.

**COUNT II**
**Violation of § 1692f Of The FDCPA -**
**Unfair or Unconscionable Collection Actions**

 24. Plaintiff adopts and realleges ¶¶ 1-19.

**ANSWER:** Defendant adopts and incorporates herein its responses to paragraphs 1-19.

 25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. <u>See</u>, 15 U.S.C. § 1692f.

**ANSWER:** Defendant states that Section 1692f the FDCPA speaks for itself and denies the remaining allegations contained in paragraph 25.

 26. Defendants' collection actions which violated § 1692f of the FDCPA, include, but are not limited to:

  A) filing the complaint in the State Court Lawsuit, when Defendants had no intent, nor likely any ability, to ever obtain documentary proof to support their claim;

  B) filing a lawsuit when Portfolio was not licensed or registered to do so in the State of Illinois;

  C) asserting an inapplicable theory of recovery, because Defendants cannot prove the real cause of action, namely breach of a written contract;

  D) failing to attach any proof of the assignments/chain of title to their small claims lawsuit; and,

  F) attempting to collect a time-barred debt.

**ANSWER:** BHLM denies the allegations contained in paragraph 26.

27. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**ANSWER:** BHLM denies the allegations contained in paragraph 27.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate his damages, if any.

3. Plaintiff's damages, if any, were caused by third parties over whom defendant had no control.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations

5. Any violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, defendant Blatt, Hasenmiller, Leibsker & Moore, LLC, respectfully requests that judgment be entered in its favor and against plaintiff, that defendant be awarded its costs and fees incurred herein, and that the Court enter such further relief as is just, necessary and proper.

Dated: March 31, 2008

Respectfully Submitted,

BLATT, HASENMILLER, LEIBSKER & MOORE, LLC

By: __/s/ Amy R. Jonker__
One of its Attorneys

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com

8

ajonker@mcguirewoods.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2008, I electronically filed the foregoing **DEFENDANT BLATT, HASENMILLER, LEIBSKER & MOORE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>David J. Philipps
>Bonnie C. Dragotto
>Gomolinski & Philipps, Ltd.
>9760 S. Roberts Road, Suite One
>Palos Hills, Illinois 60465
>(708) 974-2900
>davephilipps@aol.com
>bdragotto@aol.com


>James K. Schultz
>Sessions, Fishman, Nathan & Israeil of Illinois, LLC
>1000 Skokie Blvd., Suite 430
>Wilmette, Illinois 60091
>(847) 853-6100
>jschultz@sessions-law.biz


>David Israel
>Sessions, Fishman, Nathan & Israel, L.L.P.
>Lakeway Two, Suite 200
>3850 N. Causeway Blvd.
>Metairie, Louisiana 70002-7227
>(504) 828-3700
>disrael@sessions-law.biz

                    /s/ Amy R. Jonker

\5175918.1