MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC BASILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1006 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| BLATT, HASENMILLER, LEIBSKER & MOORE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dominic Basile, brought suit against Defendants, Portfolio Recovery Associates, LLC ("PRA") and Blatt, Hasenmiller, Leibsker & Moore LLC, ("BHL&M"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.[1] Before the Court are the parties' cross-motions for summary judgment.

## BACKGROUND

The following background is taken from the parties' statements submitted pursuant to Local Rule 56.1.

Basile is alleged to have run up over $4,500 in charges on a Visa credit card issued by First Bank USA ("First USA") at some point prior to August 2001. (Def.'s 56.1(a)(3), at ¶ 5.) Basile denies ever having had a First USA Visa card. (Pl.'s 56.1(a)(3), at ¶ 5.) The account was ultimately charged off and was acquired by PRA on June 30, 2005. (Def.'s 56.1(a)(3), at ¶ 6; Pl.'s 56.1(a)(3), at ¶ 8.)

[1]PRA has been dismissed from the suit.

BHL&M, a law firm, acts as a debt collector, as defined by § 1692a of the FDCPA. (Pl.'s 56.1(a)(3), at ¶ 4.) On June 15, 2006, PRA retained BHL&M to collect the credit card debt allegedly owed by Basile. (Pl.'s 56.1(a)(3), at ¶ 9.) On June 23, 2006, BHL&M sent Basile an initial collection letter, demanding payment. (Pl.'s 56.1(a)(3), at ¶ 10; Def.'s 56.1(a)(3), at ¶ 8.) On June 26, 2006, Basile contacted BHL&M by phone and denied that the account in question was his. (Pl.'s 56.1(a)(3), at ¶ 11.) On June 27, 2006 Basile sent a letter to BHL&M, disputing the debt. (Pl.'s 56.1(a)(3), at ¶ 12; Def.'s 56.1(a)(3), at ¶ 9.) On July 3, 2006, BHL&M sent a letter to Basile, purportedly verifying the debt. (Pl.'s 56.1(a)(3), at ¶ 13; Def.'s 56.1(a)(3), at ¶ 10.) On July 11, 2006, Basile sent a second letter to BHL&M continuing to dispute the debt. (Pl.'s 56.1(a)(3), at ¶ 14; Def.'s 56.1(a)(3), at ¶ 11.) BHL&M did not respond to Basile's second letter until April 28, 2007. (Pl.'s 56.1(a)(3), at ¶ 15; Def.'s 56.1(a)(3), at ¶ 12.)

On July 18, 2007, BHL&M filed a small claims lawsuit on behalf of PRA against Basile in Cook County Circuit Court. (Pl.'s 56.1(a)(3), at ¶ 17; Def.'s 56.1(a)(3), at ¶ 13.) Basile retained counsel and, on November 8, 2007, filed a motion to dismiss the Cook County lawsuit. (Pl.'s 56.1(a)(3), at ¶ 20; Def.'s 56.1(a)(3), at ¶ 14.) The Court granted Basile's motion to dismiss on January 3, 2008 and granted PRA 28 days to file an amended complaint. (Pl.'s 56.1(a)(3), at ¶ 21; Def.'s 56.1(a)(3), at ¶ 15.) However, PRA did not file an amended complaint. (Pl.'s 56.1(a)(3), at ¶ 21; Def.'s 56.1(a)(3), at ¶ 16.)

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the

principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita* ); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

**ANALYSIS**

Basile argues that BHL&M's collection action filed against him in state court violated § 1692e and § 1692f of the FDCPA. Basile advances two theories as to BHL&M's alleged violation of the FDCPA. Basile first argues that the state suit against him violated the FDCPA because it was filed outside the applicable five-year statue of limitations. Second, Basile argues

that BHL&M violated the FDCPA by initiating and continuing the suit, despite BHL&M's knowledge that it lacked any documentation showing that Basile owed the debt.

BHL&M counters that its state-court suit against Basile is protected activity under the First Amendment and that under the *Noerr-Pennington* doctrine, the FDCPA must be construed so that it does not interfere with that activity. Furthermore, BHL&M argues the relevant statute of limitations is ten years rather than five and that its suit could not have violated the FDCPA on those grounds. Finally, BHL&M argues that the bona fide error defense precludes entry of summary judgment in favor of Basile.

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and from using "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. Courts have held that the filing of a time-barred lawsuit violates the FDCPA. *See e.g., Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1488 (M.D. Ala. 1987) (filing time-barred suit violated § 1692f); *Parkis v. Arrow Financial Services, LLS*, 2008 WL 94798, at *7 (N.D. Ill. 2008) (*Parkis*) ("federal courts have recognized that attempts to collect on time-barred debts are actionable under the FDCPA"); *Ramirez v. Palisades Collection LLC*, 2008 WL 2512679, at 5 (N.D. Ill. 2008) (*Ramirez*) ("Attempts to collect on plainly time-barred debts are actionable under the FDCPA.").

BHL&M counters that construing the FDCPA to impose liability for filing collection actions would violate the *Noerr-Pennington* doctrine. The *Noerr-Pennington* doctrine, which was developed in the antitrust context, has now been expanded beyond those laws as an application of the First Amendment's speech and petitioning clauses. *New West, L.P. v. City of*

*Joliet*, 491 F.3d 717, 722 (7th Cir. 2007). BHL&M argues that the First Amendment's freedom of petition, which includes the right of access to the courts, protects its right to file the lawsuit at issue in this case. Thus, under the *Noerr-Pennington* doctrine, BHL&M argues, the FDCPA must be construed so as not to cover such suits.

However, BHL&M offers no authority for this position, which has been rejected by several courts. *See e.g., Berg v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2009 WL 901011, at *6 (N.D. Ill. 2009) (rejecting contention that the FDCPA violated the *Noerr-Pennington* doctrine); *Gerber v. Citigroup, Inc.*, 2009 WL 248094, at *4 (E.D. Cal. 2009) (same). The Court finds persuasive the reasoning of the court in *Sial v. Unifund*, 2008 WL 4079281 (S.D. Cal. 2008) (*Sial*). There, the court, faced with the same question, looked to the Supreme Court's holding in *Heintz v. Jenkins*, 514 U.S. 291(1995), that the term "debt collector" as used in the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Sial*, 2008 WL 4079281, at 3 (quoting *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (*Heintz*)). The *Sial* court concluded that to hold that the *Noerr-Pennington* doctrine immunized debt collection suits from the FDCPA would be contrary to *Heintz's* holding, which contemplated attorney liability under the FDCPA. Therefore, the Court rejects BHL&M's argument that its conduct is shielded by the *Noerr-Pennington* doctrine.

The parties dispute whether a five or ten-year statute of limitations applied to BHL&M's claim against Basile. The statutory period commences either with the charge-off date or the date of the last payment. *Parkis*, 2008 WL 94798, at *6. Here, those dates are in May and November of 2001, respectively, while BHL&M's suit was filed July 2007. Thus, BHL&M's suit was time barred under the five-year, but not the ten-year, statute of limitations.

Whether the five or ten-year statute of limitations applies depends on whether the contract was written or unwritten. The statute of limitations is five years for suits based on violations of unwritten contracts and ten years for violations of written contracts. *Ramirez*, 2008 WL 2512679, at 2 (citing 735 ILCS 5/13-206; 735 ILCS 5/13-205).

"A contract will only be deemed written if parties are identified and all the essential terms are in writing and ascertainable from the instrument itself. If resort to parol evidence is necessary to identify the parties or essential terms, the contract is considered an oral contract for purposes of the statute of limitations." *Portfolio Acquisitions, L.L.C. v. Feltman*, --- N.E.2d ----, 2009 WL 1444791, at 4 (*Feltman*) (citing *Brown v. Goodman*, 147 Ill. App. 3d 935, 939 (1986)). Under Illinois law, a plaintiff, suing for violation of a written contract, must either attach the contract to its complaint or include an affidavit explaining its absence. *Ramirez*, 2008 WL 2512679, at 3 (citing 735 ILCS 5/2-606); *Parkis*, 2008 WL 94798, at *5. The contract is considered unwritten if this requirement is not satisfied. *Ramirez*, 2008 WL 2512679, at 3; *Parkis*, 2008 WL 94798, at *5. In this case, BHL&M's state-court complaint did not attach either a written contract or an affidavit explaining its absence. Rather, the only document attached to the complaint was an "Affidavit of Indebtedness," which provided no information as to any written agreement. Therefore, BHL&M's state-court suit was an action on an unwritten contract and the five-year statute of limitations applies.

BHL&M raises two counter arguments. First, BHL&M argues that *Harris Trust and Savings Bank v. McCray*, 21 Ill.App.3d 605, (Ill. App. Ct. 1974) (*Harris*), stands for the proposition that all credit card debts are subject to a ten-year statute of limitations. This interpretation of *Harris* has been rejected several times, most recently in *Feltman*. *See Feltman*,

--- N.E.2d ----, 2009 WL 1444791, at 6-7 (declining to read *Harris* as supporting a ten-year limitation period); *Ramirez*, 2008 WL 2512679, at 4 (same); *Parkis*, 2008 WL 94798, at *6 (same). Rather, *Harris* considered whether a credit card agreement constituted a contract for a loan or money or a contract for the sale of goods. The court did not consider whether the contract was written or unwritten.

Second BHL&M argues that under Illinois law, the ten-year statute of limitations applies when there is "other written evidence of indebtedness." Defendant claims that two monthly statements regarding the account at issue satisfy this requirement. This position has also been rejected by the *Feltman* court. The court agreed with previous decisions, holding that monthly statements "were not sufficient to meet Illinois courts' strict interpretation of a written contract for statute of limitations purposes." *Feltman*, --- N.E.2d ----, 2009 WL 1444791, at 9 (citing *Toth v. Mansell*, 207 Ill.App.3d 665 (1990)). The court noted that parol evidence would be required to establish several elements of the contract, such as the creditor's rendering of the statements to the debtor and the debtor's lack of objection. *Feltman*, --- N.E.2d ----, 2009 WL 1444791, at 9. Furthermore, *Feltman* adopted the *Ramirez* court's observation that such statements "typically do not provide terms, defining default or other remedies, or whether any terms may be changed or altered" and "do not contain an affirmative promise to pay by the consumer." *Feltman*, --- N.E.2d ----, 2009 WL 1444791, at 9-10 (citing *Ramirez*, 2008 WL 2512679, at 11-12). Therefore, the monthly statements offered by BHL&M do not make its state-court suit an action on a written contract.

Finally, BHL&M argues that even if its suit were time-barred and therefore violated the FDCPA, the bona fide error defense provides a complete defense to liability. The FDCPA

provides that a debt collector may not be held liable if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. 1692k(c). At this point, a genuine issue of material fact exists with respect to this issue. Therefore, Basile cannot prevail on his motion for summary judgment.

Furthermore, a summary judgment resolution is not possible on Basile's claim that BHL&M violated the FDCPA by initiating and continuing the suit, despite BHL&M's knowledge that it lacked any documentation, showing that Basile owed the debt. Factual disputes exist regarding whether Basile actually owed the debt at issue and what evidence BHL&M had in support of its contention that the debt was owed.

## CONCLUSION

For the foregoing reasons, the parties' cross-motions for summary judgment are denied.

Dated: June 24, 2009

JOHN W. DARRAH
United States District Court Judge